This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                            **No. 33,683**

**TIMOTHY DAVIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Kenneth H. Martinez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}      Defendant appeals from his conviction for aggravated driving while under the influence of intoxicating liquor or drugs (DWI) entered by the metropolitan court

following a bench trial and subsequently affirmed by the district court following an on-record review. [RP 103, 117, 138] In this Court's notice of proposed disposition, we proposed to affirm, adopting the memorandum opinion of the district court. [CN 2-3] Defendant filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Defendant's arguments and therefore affirm.

**Reasonable Suspicion**

{2}     Defendant continues to argue that Officer Patterson did not have reasonable suspicion under the federal and state constitutions to seize him. [MIO 13-18; DS 1, 14; RP 103] As set forth in the district court's memorandum opinion, which this Court proposed to adopt in our calendar notice, Officer Patterson saw Defendant in his vehicle with a container of beer before Officer Patterson spoke with the occupants of the vehicle. [RP 112] At that point, Officer Patterson had reasonable suspicion to investigate whether Defendant was violating the law by drinking in public. [RP 112] *See* Albuquerque, N.M., Rev. Ordinances ch. 12, art. 4, § 12-4-8 (1974, amended 1982). Although the district court concluded that Defendant did not preserve his state constitutional argument [RP 113], the district court determined that Defendant was not illegally seized under either the federal or state constitution. [RP 110-14] We agree.

{3}     To the extent that Defendant argues that the facts in this case are analogous to those in *State v. Garcia*, 2009-NMSC-046, 147 N.M. 134, 217 P.3d 1032; *State v.*

2

*Soto*, 2008-NMCA-032, 143 N.M. 631, 179 P.3d 1239; and *State v. Myers*, No. 29,330, mem. op. (N.M. Ct. App. June 11, 2009) (non-precedential) [MIO 14-16], we disagree. In each of these cases, there was no reasonable suspicion that the defendant was committing or had committed a crime. In the present case, however, Officer Patterson had reasonable suspicion that Defendant was violating the law by drinking in public. [RP 112]

{4}    Defendant conceded that he is not challenging the facts as set forth in the district court's memorandum opinion. [MIO 13] Nevertheless, Defendant points out that his trial testimony contradicted the State's evidence, and he asserts that if we believe his testimony, there was no reasonable suspicion. [MIO 17; RP 107-08] As an appellate court, we do not reweigh the evidence or substitute our judgment for that of the fact-finder. *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314; *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (recognizing that the fact-finder is free to reject the defendant's version of the facts); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (providing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

**Actual Physical Control and Intent to Drive**

3

{5} Defendant continues to argue that there was insufficient evidence to support a finding that he was in actual physical control of the vehicle and had the intent to drive. [MIO 18-21; DS 1, 14; RP 103] *See State v. Sims*, 2010-NMSC-027, ¶ 4, 148 N.M. 330, 236 P.3d 642 ("[T]he fact[-]finder must assess the totality of the circumstances and find that (1) the defendant was actually, not just potentially, exercising control over the vehicle, and (2) the defendant had the general intent to drive so as to pose a real danger to himself, herself, or the public."). For the same reasons detailed in the district court's memorandum opinion, which we proposed to adopt, we hold that the evidence was sufficient.

{6} Officer Patterson testified that Defendant was awake and sitting in the driver's seat with the door closed, the vehicle was running, the keys were in the ignition, the ignition was on, the parking lights were on, the vehicle had been parked in the parking lot, and the bars in the area were closing. [RP 115] Additionally, Officer Patterson and Officer Landavazo testified that Defendant informed each of them that he was planning on driving home in about twenty minutes after he sobered up. [RP 104, 106, 115-16] We hold that these facts support a finding that Defendant was in actual physical control of the vehicle and he had the requisite intent to drive.

{7} For the reasons stated in this opinion, our notice of proposed summary disposition, and the memorandum opinion of the district court, we affirm.

4

{8}     **IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**J. MILES HANISEE, Judge**